IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT WALLACE HENDERSON,<br>    Petitioner, | §<br>§<br>§ | |
| V. | § | A-06-CA-315-LY |
| NATHANIEL QUARTERMAN,<br>    Respondent. | §<br>§<br>§ | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's claims for habeas corpus relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 7); and Petitioner's response (Document 15). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

A.   **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to judgments and sentences of the 21st Judicial District Court of Bastrop County, Texas, in cause numbers 6941, Z6940, and 7976, and pursuant to a judgment and sentence of the 167th Judicial District Court of Travis County, Texas, in cause number 94,171, styled The State of Texas v. Roger Henderson. Petitioner is not challenging his holding convictions in his habeas corpus application. Rather, Petitioner challenges prison disciplinary case number 20050205058.

On April 21, 2005, Petitioner was found guilty of fighting without a weapon, a Level 2, Code 21.0 violation of the TDCJ-CID Disciplinary Rules and Procedures for Offenders Handbook. (Disciplinary Hearing Record ("DHR") at 1). As a result of the disciplinary hearing, Petitioner received 45 days loss of recreation and commissary privileges and a forfeiture of 30 days of good conduct credits. (DHR at 1). Petitioner filed a Step 1 grievance appealing the disciplinary proceeding on June 9, 2005. (Disciplinary Grievance Records ("DGR") at 1-2). It was denied on July 27, 2005. (DGR at 2). On July 28, 2005, Petitioner submitted a Step 2 grievance, appealing the outcome of his Step 1 grievance. (DGR at 3-4). It was denied on September 20, 2005. (DGR at 4).

On April 21, 2006, Petitioner executed his federal application for habeas corpus relief. He argues his due process rights were violated in his disciplinary proceedings. Petitioner explains in 2005 he was attacked by another inmate. According to Petitioner, the other inmate wanted the chair in which Petitioner was sitting. At his disciplinary hearing, Petitioner admitted he fought with the other inmate but stated he only fought enough to protect and defend himself. Petitioner complains

the other offender was not disciplined. Petitioner was under the impression the case against him would be expunged because the other offender had not been charged.

Respondent contends Petitioner's claims are unexhausted because he did not raise them in his Step 1 grievance. However, Respondent does not move to dismiss Petitioner's claims for failure to exhaust his administrative remedies, because the time period in which to file a grievance has expired. Instead, Respondent contends Petitioner's claims should be dismissed as procedurally defaulted. Alternatively, he argues the claims are without merit.

## DISCUSSION AND ANALYSIS

### A.    Exhaustion of Administrative Remedies

The pending petition is governed by the federal habeas corpus statutes found at 28 U.S.C. § 2254. See, e.g., Malchi v. Thaler, 211 F.3d 953, 956 (5th Cir. 2000) ("State prisoners who allege that they were improperly denied good-conduct credit that, if restored, would have resulted in their immediate or sooner release from prison, fall under § 2254.") (citations omitted). The federal habeas corpus statutes, codified as amended at 28 U.S.C. § 2254(b) and (c), provide that relief "shall not be granted" unless the applicant "has exhausted the remedies available in the courts of the State[.]" Although decisions about prison grievances are made by TDCJ, and not by "courts of the State," there is no valid reason that the exhaustion requirement found in 28 U.S.C. § 2254(b) should not also apply where a prisoner is required to pursue the administrative grievance process. See Preiser v. Rodriguez, 411 U.S. 475, 492, 93 S. Ct. 1827, 1837 (1973) (pointing to the prison grievance process and noting that, because the "internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems"). In fact, the Fifth Circuit has long held that inmates seeking relief

from prison disciplinary cases must exhaust their available administrative remedies before pursuing a federal writ of habeas corpus. See Lerma v. Estelle, 585 F.2d 1297, 1299 (5th Cir.1978).

A court may deny an application for a writ of habeas corpus on the merits, notwithstanding the failure of the applicant to exhaust all available remedies. 28 U.S.C. § 2254(b)(2).  As explained below, Petitioner's claims are without merit.

**B.     Restrictions**

As a result of the disciplinary hearing, Petitioner received 45 days loss of recreation and commissary privileges. However, these punishments do not trigger the Due Process Clause.  In Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997), the Fifth Circuit Court of Appeals held that commissary and cell restrictions as punishment are merely changes in the conditions of a prisoner's confinement and do not implicate due process concerns. "They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." Id.

**C.     Loss of Good Time Credits**

Challenges to disciplinary proceedings do not generally raise a cognizable constitutional violation unless the petitioner has lost good time credits and is eligible for mandatory supervision. See Malchi, 211 F.3d at 957-58; Madison, 104 F.3d at 768.  Respondent acknowledges Petitioner is eligible for mandatory supervision.  However, he argues the loss of 30 days of good time credits is de minimis.  In Malchi the court held while a few days might be de minimis, six months was not. In Richards v. Dretke, 394 F.3d 291 (5th Cir. 2004), the Fifth Circuit suggested, but did not decide, that a 30-day delay of a mandatory supervision release might be de minimis.  The Court need not decide this issue as Petitioner's application for habeas corpus relief is without merit.

In <u>Henson v. United States Bureau of Prisons</u>, 213 F.3d 897 (5th Cir. 2000), the Fifth Circuit explained:

> When a prisoner has a liberty interest in good time credit, revocation of such credit must comply with minimal procedural requirements. <u>See</u> <u>Superintendent, Massachusetts Correctional Institution v. Hill</u>, 472 U.S. 445, 454, 105 S. Ct. 2768 (1985) (noting the usual procedural requirements which must be observed – notice, an opportunity to present evidence, and written findings in support of the ruling – and stating that "some evidence" must support the ruling). These requirements are flexible, however, and must necessarily be balanced against legitimate penological interests. <u>See id.</u>; <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.").

Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision. <u>Broussard v. Johnson</u>, 253 F.3d 874, 877 (5th Cir. 2001) (citing <u>Smith v. Rabalais</u>, 659 F.2d 539, 545 (5th Cir.1981)). On federal habeas review of prison disciplinary hearings, "the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." <u>Smith v. Rabalais</u>, 659 F.2d at 545.

    1.   <u>Notice</u>

The administrative records indicate Petitioner was notified of the disciplinary charges on April 14, 2005, at 4:20 p.m. (DHR at 1). Petitioner's hearing was held April 21, 2005, at 12:29 p.m. (DHR at 1). In light of the administrative record, the Court finds Petitioner received advance written notice of the charges as required by <u>Wolff</u>.

    2.   <u>Opportunity to Present Evidence</u>

As the Supreme Court explained in <u>Wolff</u>, a prisoner's right to call witnesses and present evidence in the disciplinary hearings could be denied if granting the request would be "unduly

hazardous to institutional safety or correctional goals." Id. at 566, 94 S. Ct. at 2974; Baxter v. Palmigiano, 425 U.S. 308, 96 S. Ct. 1551 (1976).

> Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence. Although we do not prescribe it, it would be useful for the [disciplinary board] to state its reasons for refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in the individual cases.

418 U.S. at 566, 94 S. Ct. at 2980.

In reviewing the disciplinary records in this case, the Court is of the opinion no due process violation occurred with respect to Petitioner's witnesses. Petitioner was informed of his right to call witnesses and present documentary evidence. The record indicates Petitioner requested two unknown white witnesses. Because the witnesses were not identified, they were disallowed. Petitioner also requested Sergeant Alder, the accusing officer, but the hearing officer determined Alder's testimony would have been repetitive and disallowed the witness. (DHR at 1, 4). Petitioner was permitted to attend the hearing and give a statement. (DHR at 4). In addition, he was provided a counsel substitute. (DHR at 4).

### 3. Written Findings in Support of the Ruling

Petitioner does not dispute the fact he received written findings in support of the hearing officer's ruling and finding of guilt.

### 4. Some Evidence

The findings of a prison disciplinary hearing are not subject to review by this court unless they are arbitrary and capricious. Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995). In reviewing such findings, the only question before this Court is whether the decision made was

supported by "some" evidence. <u>Broussard v. Johnson</u>, 253 F.3d 874, 876 (5th Cir. 2001) (citing <u>Superintendent, Mass. Correctional Inst. v. Hill</u>, 472 U.S. 445, 454, 105 S. Ct. 2768, 2774 (1985)); <u>Black v. Warren</u>, 134 F.3d 732, 734 (5th Cir. 1998).

In reviewing the disciplinary records and disciplinary tape for Petitioner, the Court finds there was "some" evidence to support the hearing officer's finding of guilt. In this case, the evidence consists of Petitioner's admission of the fight, the charging officer's report and Officer Gutierrez's written communication. (DHR 1-6). The charging officer's report, Officer Gutierrez's written communication and the testimony at the hearing indicates Petitioner was involved in a fight with another offender. (DHR at 1-6). This is "some" evidence to support Petitioner's disciplinary action for fighting without a weapon.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. <u>Battles v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 21st day of July, 2006.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE